United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40322
Summary Calendar

———————————

REGINALD DEAN,

Plaintiff-Appellant,

versus

SMITH COUNTY TEXAS; BECKY DEMPSEY;
J.B. SMITH; JACK SKEEN, JR.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-409
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Reginald Dean, Texas prisoner number 1165742, filed the instant 42 U.S.C. § 1983 suit to seek redress for the defendants' alleged failure to rule upon several pro se pleadings that he filed while he was represented by counsel.  The district court granted the defendants' motion for summary judgment, and Dean appeals this judgment.  This court reviews a district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grant of summary judgment de novo. Threadgill v. Prudential Sec. Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998).

Dean has not shown that the district court erred in holding that he had not established a violation of his federal rights. There is no federal constitutional right to hybrid representation. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984). To the extent that Dean is arguing that he enjoyed such a right under state law, this argument is insufficient to show that he should be permitted to proceed with the instant suit. See Cousin v. Small, 325 F.3d 627, 631 (5th Cir. 2003), cert. denied 124 S.Ct. 181 (2003). Dean has not shown that the district court erred in concluding that he had failed to raise a viable claim under 42 U.S.C. § 1983.

Dean likewise has not shown that the district court erred in determining that defendants Dempsey and Smith were entitled to qualified immunity, as he has not shown that these defendants violated his clearly established federal constitutional rights. See Bazan ex rel. Bazan v. Hidalgo County, 246 F.3d 481, 488 (5th Cir. 2001). Because Dean's allegations against defendant Skeen arise from Skeen's performance of his prosecutorial activities, the district court did not err in determining that Skeen was entitled to absolute immunity. See Bazan ex rel. Bazan v. Hidalgo County, 246 F.3d 481, 488 (5th Cir. 2001). Dean's failure to establish a violation of his federal rights renders his claim against Smith County unavailing. See Becerra v. Asher,

105 F.3d 1042, 1047-48 (5th Cir. 1997).  To the extent that Dean is attempting to raise new claims on appeal, we decline to consider these claims.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Dean has shown no error in the judgment of the district court.  Accordingly, that judgment is AFFIRMED.